■ KENNETH CAREY et al., Appellants, v JUNE CAREY, Respondent, et al., Defendant. [957 NYS2d 140]—

In December 1997, the John Carey Family Limited Partnership (hereinafter the partnership) was formed under Delaware law pursuant to a limited partnership agreement executed by John Carey and his son, the defendant Roger Carey. Under the partnership agreement, John and Roger were the general partners as well as the only limited partners. John conveyed two parcels of real property to the partnership, a residence and an office building located in Pleasantville. Thereafter, John assigned a 6% interest in the partnership to each of his children, Roger, the plaintiff Janice Carey, and the plaintiff Kenneth Carey, and a 3% interest each to two grandchildren, the plaintiffs Sherri Carey and Nicole Carey, retaining a 76% interest for himself. Pursuant to the partnership agreement, these assignments of partnership interests made Janice, Kenneth, Sherri, and Nicole (hereinafter collectively the plaintiffs) limited partners in the partnership. The residential property was sold in 1999 for $325,000, and the office building was sold in 2002 for $761,000.

In January 2003, John died and his will bequeathed his 76% interest in the partnership to his second wife, the defendant June Carey. June was also appointed the executor of John's estate. In July 2003, at the suggestion of an attorney representing June, Roger executed an instrument pursuant to which June was appointed as a general partner and he resigned as a general partner. When June executed the instrument in August 2003, thereby agreeing to be bound by the terms of the partnership agreement, the partnership had approximately $365,935 in its Bank of New York account. At the time of this transfer of

authority, the partnership had made significant loans to Roger that remained outstanding.

During the next two years, June made two distributions of the partnership's assets, a $32,000 distribution to herself and a $10,000 distribution to John's estate. In November 2005, June withdrew the full balance of the partnership's Bank of New York account, $326,149.38, placed the money in her personal Sleepy Hollow Bank account, and then placed the money in two separate accounts with TD Ameritrade (hereinafter TDA) and American Funds. The TDA and American Funds accounts were opened in her name and designated individual rather than partnership accounts. Over the course of approximately three years, June made three withdrawals from each account. She withdrew a total of $10,626.14 from the TDA account and transferred that money into her personal Sleepy Hollow Bank account. June also withdrew a total of $35,000 from the American Funds account, including one $30,000 withdrawal that she used to pay for a vacation.

Subsequently, the plaintiffs, individually and derivatively on behalf of the partnership, commenced this action, inter alia, against June to recover damages for, among other things, breach of contract, fraud and conversion, unjust enrichment, and breach of fiduciary duty. The plaintiffs also sought an accounting, as well as declaratory and injunctive relief. In an order entered June 10, 2011, the Supreme Court, inter alia, denied the plaintiffs' motion for summary judgment on these causes of action, determining that a triable issue of fact existed as to whether two exculpatory provisions in the partnership agreement could relieve June from liability. The plaintiffs appeal.

Under Delaware law, "limited partnership agreements are to be construed in accordance with their literal terms" (*Matter of Nantucket Is. Assoc. Ltd. Partnership Unitholders Litig.*, 810 A2d 351, 361 [Del Ch 2002]). Here, section 7.4 (d) of the partnership agreement governs a general partner's liability: "No General Partner shall be liable to the Partnership or to any of the Partners, in damages or otherwise, for any error of judgment, for any mistake of fact of law [sic], or for any for [sic] other act or omission performed or omitted by the General Partner in connection with the business and affairs of the Partnership, except if such act or omission results from willful misconduct, fraud, bad faith, or similar breach of fiduciary duty, and further except for breaches of contractual obligations or agreements between the General Partners and the Partnership."

The terms of the two exculpatory provisions relied upon by June, sections 4.4 and 10.3 (e) of the partnership agreement, do

not relieve her of liability from the plaintiffs' causes of action. Section 4.4, entitled "Interest on and Return of Capital Contributions: Limitation on Liability," provides, in relevant part, that "[t]he General Partners shall not be liable for the return of the capital contributions of the Limited Partners, nor for the return of any Partnership assets." By its terms, this provision is applicable only to relieve a general partner of liability for the return of a limited partner's capital contribution or other asset given to the partnership. Here, the plaintiffs are not seeking the return of any assets in the partnership, but rather, they seek damages, inter alia, for breach of fiduciary duty and breach of contract.

Section 10.3 (e), appearing in the article of the partnership agreement governing dissolution and termination, provides that "[i]f the Partnership is dissolved and the remaining Partners do not elect to continue its business . . . [e]ach Partner shall look solely to the assets of the Partnership for all distributions with respect to the Partnership and its capital contribution thereto and share of Profits and Losses thereof and shall have no recourse therefor (upon dissolution or otherwise) against the General Partner." This provision is inapplicable here because the partnership has not been dissolved. Moreover, the provision merely states that a partner shall have no recourse against a general partner with respect to distributions, capital contributions, and profits and losses. It says nothing about damages resulting from a general partner's willful misconduct, fraud, bad faith, breach of fiduciary duty, or breach of a contractual obligation. Accordingly, neither provision relied upon by June serves as a bar to liability with respect to the plaintiffs' causes of action at issue here.

With respect to the first cause of action, alleging breach of contract, the plaintiffs established their prima facie entitlement to summary judgment on so much of that cause of action as was predicated on June's failure to conduct the business of the partnership separate and apart from that of her own, and to keep the partnership in good standing under Delaware law. In this regard, the plaintiffs submitted evidence demonstrating that June moved the partnership's assets into her personal bank account and then into the TDA and American Funds accounts in her own name, without informing the plaintiffs, in violation of her contractual obligations, inter alia, to conduct the business of the partnership "separate and apart from that of any General Partner," to segregate partnership assets from her own, and to refrain from commingling partnership assets with her own. By taking these actions, June deprived the

plaintiffs of their proportional share of the partnership's assets at the time the funds were removed from the partnership's account. Furthermore, the plaintiffs demonstrated that June breached her contractual obligation to ensure the continued existence of the partnership in good standing under Delaware law by failing to pay franchise taxes, which the plaintiffs have since paid.

In opposition, June failed to raise a triable issue of fact as to these breaches of her contractual obligations. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on so much of the first cause of action, to recover damages for breach of contract, as was predicated on June's failure to conduct the business of the partnership separate and apart from that of her own, and to keep the partnership in good standing under Delaware law.

Turning to the breach of fiduciary duty cause of action, contrary to June's contention, section 7.4 (c) of the partnership agreement expressly provides that a general partner owes traditional fiduciary duties of care and loyalty, and the agreement does not otherwise modify or eliminate any aspect of traditional fiduciary duties (*see Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 817 A2d 160, 170 [Del 2002]; *Miller v American Real Estate Partners, L.P.*, 2001 WL 1045643, 2001 Del Ch LEXIS 116 [2001]; *RJ Assoc. Inc. v Health Payors' Org. Ltd. Partnership, HPA, Inc.*, 1999 WL 550350, 1999 Del Ch LEXIS 161 [1999]; *cf. Gelfman v Weeden Invs., L.P.*, 792 A2d 977, 987 [Del Ch 2001]). Under Delaware law, the fiduciary duty of loyalty requires a general partner to "manage the partnership in the best interests of the partnership and deal fairly with the limited partners" (*McGovern v General Holding, Inc.*, 2006 WL 1468850, *18, 2006 Del Ch LEXIS 93, *57 [2006]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on so much of their fifth cause of action, to recover damages for breach of fiduciary duty, as was predicated on June's distributions of the partnership's assets for her own benefit prior to October 2008. In support of that branch of their motion, the plaintiffs submitted evidence demonstrating that, prior to October 2008, June made a number of distributions to herself and John's estate without making distributions to the plaintiffs for their proportional share.

In opposition, June failed to raise a triable issue of fact as to whether she fulfilled her fiduciary duty of loyalty with respect to the distributions made by her for her own benefit (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the

Supreme Court should have granted the aforementioned branch of the plaintiffs' motion. However, the plaintiffs failed to establish, prima facie, that June breached her fiduciary duty of care or loyalty in failing to pursue and collect Roger's debts to the partnership.

The plaintiffs also established their prima facie entitlement to judgment as a matter of law on so much of their sixth cause of action as was for a judgment declaring that June is not entitled to indemnification from the partnership in connection with this action. In support of that branch of their motion, the plaintiffs submitted the partnership agreement, which expressly provides that the partnership is not required to indemnify a general partner for damages and expenses suffered as a result of, inter alia, her breach of fiduciary duty or if she illegally gained a financial profit. In opposition, June failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the complaint and, thereafter, for the entry of a judgment, inter alia, declaring that June is not entitled to indemnification from the partnership in connection with this action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.